UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

THE LEGACY ESTATE GROUP,                              No. 05-14659

                          Debtor(s).
_____/

OFFICIAL CREDITORS COMMITTEE,

                          Plaintiff(s),

           v.                                   A.P. No. 06-1173

JOHN M. BRYAN, et al.,

                          Defendant(s).
_____/

Memorandum re Motion to Certify Case to District Court for Jury Trial
_____

       Plaintiff originally demanded a jury trial in this adversary proceeding, but withdrew its demand. Three defendants have asked the court to transfer the case to district court for jury trial, even though at least two of them, John M. Bryan and the J. M. Bryan Family Trust, have filed proofs of claim. The filing of a proof of claim waives the right to a jury. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 59 n.14, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989).

       Contrary to defendants' arguments, Rule 38(d) of the Federal Rules of Civil Procedure does not bar

the withdrawal of a jury demand by plaintiff where the defendant did not rely on the demand. *Fuller v. City of Oakland,* 47 F.3d 1522, 1531 (9th Cir. 1995); *White v. McGinnis,* 903 F.2d 699, 701 (9th Cir. 1990); *Reid Bros. Logging Co. v. Kitchikan Pulp Co.*, 699 F.2d 1292, 1304 (9th Cir. 1983). Moreover, a party has no standing to object to waiver of a right by another party unless it is aggrieved by the waiver. Since Bryan and the J. M. Bryan Family Trust have waived the right to a jury, they have no standing to object to plaintiff's waiver of its right to a jury trial.

The rights of the third defendant, the John M. and Florence E. Bryan Trust, are more problematical. This defendant has not filed a claim in its own name. However, it appears that its alter ego may have filed a proof of claim or that it is close enough in identity to be bound by the jury waiver of other entities. Resolution of this matter requires an evidentiary hearing and further briefing.

For the foregoing reasons, the motion will be denied with prejudice as to defendants John M. Bryan and the J. M. Bryan Family Trust. As to the John M. and Florence E. Bryan Trust, the parties shall arrange an evidentiary hearing and submit supplemental briefs. In the event that the court determines that this defendant is entitled to a jury trial, the claims against it will be severed and only those severed claims will be transferred to the district court; the case will proceed in this court as to defendants who have waived their right to a jury.

Counsel for plaintiff shall submit an appropriate form of order.

Dated: March 28, 2007

Alan Jaroslovsky
U.S. Bankruptcy Judge