UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

THE LEGACY ESTATE GROUP,                 No. 05-14659

                     Debtor(s).
_____/

OFFICIAL CREDITORS COMMITTEE,

                     Plaintiff(s),

         v.                                     A.P. No. 06-1173

JOHN M. BRYAN, et al.,

                     Defendant(s).
_____/

Memorandum re Right to Jury Trial of Defendant
_____

       Defendants John M. Bryan and the J. M. Bryan Family Trust have filed proofs of claim. Defendant John M. and Florence E. Bryan Family Trust has not filed a proof of claim. Earlier this year, all three defendants tried to bootstrap that fact into a jury trial in district court for all of them by a motion to the district court to withdraw the reference.

       On August 9, 2007, the district court issued its order staying that motion pending a factual determination in this court as to whether the JFB Trust is the alter ego of either of the defendants who filed claims. The district court ordered:

> To the extent that the bankruptcy court decides that the JFB Trust does indeed constitute an alter ego of Bryan and/or the JMB Trust, then JFB Trust, in addition to Bryan and JMB Trust, will have waived their jury trial right and the instant motion will be mooted.

1

After an evidentiary hearing, it became clear that the JFB Trust is the ultimate alter ego of Bryan. The JFB Trust is a fully revocable estate planning device containing all of Bryan's assets. He has full control of the assets of the trust and can revoke it at any time.

Bryan and his trusts have argued that the district court was wrong in determining that an alter ego is bound by the jury trial waiver of its counterpart. While the district court's order is no doubt the law of the case, the court notes that ordinary agency principles, including alter ego, govern whether a party may be compelled to litigate in another forum in lieu of a jury trial. *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006); *Letizia v. Prudential Bach Securities, Inc.,* 802 F.2d 1185, 1187 (9th Cir. 1986).

The court further notes that even if the JFB Trust were entitled to a jury trial, there is a very good chance that this issue will prove moot. Since the trust is fully revokable at will by Bryan and contains all his assets, a judgment against him will be enforceable against the trust assets even if the trust were not a defendant. California Probate Code §18200. Moreover, as the court has noted before, principles of issue preclusion may make a trial against the trust unnecessary. For these reasons, the court respectfully suggests that it should proceed with the trial now set for November 13, 2007.

To summarize, this court finds that the JFB Trust is an alter ego of Bryan. Pursuant to the direction of the district court, it will accordingly order that the trial in this court will proceed as scheduled, as to all three Bryan defendants, on November 13. Counsel for plaintiff shall submit an appropriate form of order.

Dated: September 28, 2007

Alan Jaroslovsky
U.S. Bankruptcy Judge

2

Case: 06-01173    Doc# 93    Filed: 09/28/07    Entered: 09/28/07 14:43:17    Page 2 of 2