UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

THE LEGACY ESTATE GROUP,                   No. 05-14659

                     Debtor(s).
_____/

OFFICIAL CREDITORS COMMITTEE,

                     Plaintiff(s),

       v.                                    A.P. No. 06-1173

JOHN M. BRYAN, et al.,

                     Defendant(s).
_____/

Memorandum on Motion for Summary Judgment of Pacific Defendants
_____

       Defendants Harry Chew, Pacific Paragon Investment fund, Ltd., and AIC Capital Partners, LLC, who refer to themselves as the "Pacific Defendants," have moved for summary judgment on the cross-claim of John Bryan, et al., referred to herein as "Bryan." While the cross claim against the Pacific Defendants appears weak, the court finds that it is not subject to summary adjudication.

       The cross-claim is based on two notes given to Bryan by Chew in the total amount of $5.3 million when Bryan sold his majority interest in Legacy Estate Group, LLC, to Connaught Capital Partners. One

note, for $1.5 million, was for a portion of the $8.6 million purchase price. The other, for $3.8 million, was for numerous loans Bryan had made to Legacy. The obligor on the notes was Connaught. The notes were signed by Chew, making him potentially liable for any tort relating to the giving of the notes even if he was not the maker. *Manson v. Reed*, 186 Cal.App.3d 1493, 1503 (1986). Bryan alleges that at the time Chew signed the notes he knew that Connaught did not have the ability to pay them and fraudulently concealed information regarding Connaught's ability and intent to pay.

There is some temptation to grant summary judgment against Bryan due to the weakness of his apparent case. There is a huge difference between giving a note with no intent to pay it and giving a note because of inability to satisfy an obligation with cash. It appears that Bryan, a sophisticated businessman, knew why he was being given the notes. It also appears that Bryan's knowledge of all the facts and circumstances surrounding the notes was superior to Chew's.

However, weakness of a case is not the test for summary adjudication. Fraud is rarely admitted, and is usually proven by inferences. In ruling on a motion for summary judgment, the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S.Ct. 1545, 143 L.Ed.2d 731 (1999). Accordingly, the court cannot grant summary judgment to Chew. Any party may submit an appropriate form of order.

Dated: October 22, 2007

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge

2