UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

THE LEGACY ESTATE GROUP,                          No. 05-14659

                       Debtor(s).
_____/

OFFICIAL CREDITORS COMMITTEE,

                       Plaintiff(s),

             v.                              A.P. No. 06-1173

JOHN M. BRYAN, et al.,

                       Defendant(s).
_____/

Memorandum on Motion for Summary Judgment of Harry Chew and AIC Capital Partners, LLC
_____

Defendants Harry Chew and AIC Capital Partners, LLC, have moved for summary judgment against plaintiff Official Creditors Committee, representing the bankruptcy estate of The Legacy Group. The court begins its analysis of this motion by reciting the facts as they may be most favorably be found for plaintiff.

In March, 2005, debtor The Legacy Group paid about $7.1 million to defendant John M. Bryan and his trusts in order to induce Bryan to sell his interest in Legacy to Connaught Capital Partners, LLC. Since Legacy got nothing in return for the payment, and the payment left Legacy insolvent and unable to pay its

debts, the payment was an avoidable fraudulent transfer.

Connaught owned Legacy. Defendant AIC Capital Partners, LLC, owned 60% of Connaught. Defendant Harry Chew owned 32% of AIC and controlled AIC. Through AIC, Chew controlled Connaught. Through Connaught, Chew controlled Legacy.

The twelfth claim of the complaint alleges that Chew and AIC breached their fiduciary duties to Legacy. The fifteenth claim alleges that Legacy is entitled to some sort of equitable indemnity related to claims asserted by Bryan. Chew and AIC seek summary judgment as to these two claims. Legacy has not contested the motion as to the fifteenth claim, leaving only the fiduciary duty claims to be decided.

The twelfth claim appears to be a house of cards. Plaintiff argues that because Chew owed a fiduciary duty to AIC and AIC owed a duty to Connaught and Connaught owed a fiduciary duty to Legacy, then Chew and AIC owed fiduciary duties to Legacy.[1] However, the court finds no basis in the law for this daisy-chain of fiduciary duties. A fiduciary of Company X is not a fiduciary of Company Y just because Company X is a fiduciary of Company Y. The only case cited by plaintiff to support its position, a 55-year-old California case having nothing to do with fiduciary duty,[2] is simply not on point.

Plaintiff argues that Chew owed Legacy a fiduciary duty because he admitted it, another witness so testified, and the Legacy Operating Agreement so provided. If anything in the Operating Agreement turns Chew or AIC into a fiduciary of Legacy, plaintiff has not quoted it. The mere fact that a witness has testified that Chew was a fiduciary of Legacy, or that Chew testified as such himself, is not conclusive and does not create a triable issue of fact because the issue is one of law. See *Strauch v. U.S.*, 637 F.2d 477, 481 (7th Cir. 1980).

---

[1] Plaintiff argues that "Chew, as a Manager of AIC and Connaught, owed fiduciary obligations to those companies. *The fact that Connaught, in turn, owed a fiduciary obligation to Legacy imposed a corresponding obligation on Chew*, because it was only through Chew and the other Manager/Members that Connaught could act." The court finds the portion of this assertion which it has italicized to be wrong. It is certainly unsupported by any law cited by Plaintiff.

[2] *John Paul Lumber Co. v. Agnew,* 125 Cal.App.2d 613, 619 (1952). The case deals with agency and ostensible authority, not fiduciary duty.

2

For the foregoing reasons, the motion of Chew and AIC for summary judgment will be granted. Counsel for Chew and AIC shall submit an appropriate form of order.

Dated: October 23, 2007

Alan Jaroslovsky
U.S. Bankruptcy Judge