UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

THE LEGACY ESTATE GROUP,  No. 05-14659

                    Debtor(s).
_____/

OFFICIAL CREDITORS COMMITTEE,

                    Plaintiff(s),

     v.  A.P. No. 06-1173

JOHN M. BRYAN, et al.,

                    Defendant(s).
_____/

Memorandum on Motion for Partial Summary Judgment
_____

     Claim # 146 filed by the John M. Bryan Trust alleges that on March 14, 2005, the debtor induced it to forgive a claim against the debtor in the amount of $3,798,421.24 in exchange for a promissory note executed by Connaught Capital Partners, LLC, the owner of the debtor. The claim alleges that the JMB Trust agreed to accept the note due to fraudulent misrepresentations made by the debtor. On that basis, it asserts a general unsecured claim even though it waived its claim and now holds Connaught's note. Plaintiff Official Creditors Committee seeks partial summary judgment declaring that to the extent the claim is allowed

1

at all it is subordinated pursuant to § 510(b) of the Bankruptcy Code.

Citing *Stoumbos v. Kilimnik,* 988 F.2d 949 (9th Cir. 1993), the JMB Trust argues that there is a triable issue of fact as to its inequitable conduct. The flaw in this argument is that *Stoumbos* was a case involving *equitable* subordination pursuant to § 510(c). Section 510(b), upon which plaintiff relies, provides for mandatory subordination, as a matter of law, if the claim is based on rescission or damages arising from a sale of a security of the debtor or an affiliate.

According to the claim, the JMB Trust agreed to accept a note of Connaught in exchange for its claim against the debtor. Connaught is an affiliate pursuant to § 101(2)(A) of the Code. A note is a security pursuant to § 101(49)(A)(i). The claim therefore arose from the purchase of a security of the debtor's affiliate and must be subordinated pursuant to § 510(b) regardless of whether the conduct of the JMB Trust was inequitable.

For the foregoing reasons, the court will deem it without substantial controversy pursuant to FRCP 56(d) that claim #146, to the extent it is allowed at all, will be subordinated pursuant to § 510(b) of the Bankruptcy Code. Counsel for plaintiff shall submit an appropriate form of order.

Dated: November 2, 2007

Alan Jaroslovsky
U.S. Bankruptcy Judge